UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Doe,

    Plaintiff,

v.

James Marvin Reed,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 20-2178 (MJD/LIB)

---

Mark S. Enslin, Ballard Spahr LLP, Counsel for Plaintiff.

Defendant, *pro se.*

---

This matter is before the Court on Defendant's motion for summary judgment/dismiss.

I.    **Background**

Plaintiff brings this action under 18 U.S.C. § 2255, which provides for civil remedies for certain crime victims. Specifically, the statute applies to:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was

> a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a).

In her Complaint, Plaintiff alleges that she is a 27 year old woman who, when she was 14 years old, was sexually assaulted by Defendant James Reed on several occasions in her home country of the Philippines. (Comp. ¶ 1.) She alleges that on or about January 17, 2007, Defendant traveled from Minneapolis to Manila, Philippines and remained in the Philippines until March 2008. (Id. ¶ 9.) Defendant met Plaintiff in September 2007, and the two later met at Defendant's apartment in Cebu City, Philippines. (Id. ¶ 10.) Between September and December 2007, Defendant sexually assaulted Plaintiff multiple times in her apartment. (Id.) Plaintiff became pregnant as a result of these assaults, and DNA testing has confirmed that Defendant is the biological father of Plaintiff's child. (Id.) Plaintiff was 15 years old when she gave birth to Defendant's child. (Id.)

Defendant was charged criminally in the District of Minnesota[1], and on April 19, 2018, he pleaded guilty to one count of Engaging in Illicit Sexual Conduct in a Foreign Place in violation of 18 U.S.C. § 2423(c)[2]. He was later sentenced to 72 months imprisonment, followed by 15 years of supervised release. Defendant is currently serving his sentence at FCI Sandstone and is scheduled for release in May 2022.

Plaintiff claims that she was victimized by Defendant and seeks the remedies to which she is entitled under 18 U.S.C. § 2255 including actual damages and the costs associated with this suit, including reasonable attorney's fees.

## II. Defendant's Motion for Summary Judgment/Dismiss

### A. Subject Matter Jurisdiction

Defendant titles his motion as one for summary judgment, but he in fact is moving for dismissal on various Rule 12 grounds. He first asserts the Court does not have subject matter jurisdiction over Plaintiff's claims, because Plaintiff has

---

[1] United States v. Reed, 17-cr-216 (DWF) (D. Minn.)
[2] This statute prohibits "Any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."

not sufficiently alleged that sex acts between Defendant and Plaintiff occurred within the special maritime or territorial jurisdiction of the United States, as required under the statute of conviction. See 18 U.S.C. § 2423(f)(1) (defining "illicit sexual conduct" as "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States").

Defendant pleaded guilty to the crime charged, and in the Plea Agreement, Defendant agreed that he "fully understands the nature and elements of the crime with which he has been charged." (Crim. No. 17-216, Doc. No. 94 at ¶ 1.)

Regardless, a criminal conviction is not necessary to be entitled to damages under 18 U.S.C. § 2255. See Cisneros v. Aragon, 485 F.3d 1226, 1232 (10th Cir. 2007 (assuming that a criminal conviction is not necessary for a defendant to face civil liability under § 2255); Smith v. Husband, 376 F. Supp.2d 603, 613 (E.D. Va. July 7, 2005) (looking to other federal statutes that have explicitly provided that a criminal conviction is not necessary for a victim to pursue civil remedies); Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc., No. 10-cv-4124, 2013 WL 6816174, at *17 n.18 (W.D. Ark. Dec. 24, 2013 (noting that the weight of authority indicates that no conviction is required under § 2255 and that a

defendant must only be proven to have violated the criminal statute by a preponderance of the evidence).

Next, Defendant asserts this Court lacks diversity jurisdiction over this matter. The Court need not address this argument, as this Court has federal question jurisdiction of the claim asserted in this case pursuant to 28 U.S.C. § 1331.

### B. Res Judicata/Collateral Estoppel

Defendant also argues that Plaintiff's claim is barred by collateral estoppel and res judicata because restitution was awarded in the amount of $6,000 in the criminal case. Defendant cites to a number of cases in support, but those cases are distinguishable as they do not involve restitution in a criminal case or civil remedies afforded by law to certain crime victims.

Res judicata applies where there are: identical parties; final judgment on the merits; and a second suit involving the same cause of action. Dixon v. Depositors Ins. Co., 619 N.W.2d 752, 755 (Minn. Ct. App. 2000) (citing Myers v. Price, 463 N.W.2d 773, 776 (Minn. 1990), rev. denied, (Minn. Feb. 4, 1991)). Collateral estoppel applies where: the issue presented is one that was presented in a prior adjudication; there is a final judgment on the merits; the estopped

5

party was a party or in privity with a party to the prior adjudication; and the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.  Bublitz v. Comm'r of Revenue, 545 N.W.2d 382, 385 (Minn. 1996).  Collateral estoppel applies only to matters actually litigated, determined by, and essential to a previous judgment.  In the Matter of the Application of Hofstad to Register Title to Certain Land, 376 N.W.2d 698, 700 (Minn. Ct. App. 1985).

In this case, Plaintiff seeks relief pursuant to 18 U.S.C. § 2255, which provides for a civil remedy for victims of certain crimes.  Neither Plaintiff nor any other party has previously brought suit against Defendant under this statute.  Further, Plaintiff was not a party to Defendant's criminal proceeding, nor was she in privity with the government.  See Doe v. Hesketh, 828 F.3d 159, 172-74 (3d Cir. 2016) (finding collateral estoppel did not apply to bar victim's claim under 18 U.S.C. § 2255 because "[t]he interests of the victim and the government in a restitution determination are not sufficiently similar for a finding of privity.").  Thus, the fact that restitution was ordered in the criminal case will not bar this action.

### C. Whether Complaint is Timely

Defendant argues that 18 U.S.C. § 2255 was amended in 2013 and 2018, and that the increased penalties and lengthening of the statutory time within which to assert a claim should not be applied here, because the offenses took place in 2007.

An action brought under 18 U.S.C. § 2255 is timely if it is filed within 10 years after the date on which the victim reaches 18 years of age. 18 U.S.C. § 2255(b)(2). Plaintiff asserts that she was 27 years old when this action was filed, therefore it is timely. (Doe Decl. ¶ 3.)

Prior to statute's amendment in 2013, the statute of limitations to bring claims under § 2255 was 6 years. Defendant argues that time period should be applied here. The Court disagrees.

First, the United States Supreme Court has held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." Bradley v. School Bd. of the City of Richmond, 416 U.S. 696, 711 (1974). Defendant points to no statute or legislative history to suggest Congress

intended the longer ten-year statute of limitations to apply only to claims that accrued after the new limitations period was enacted.

In addition, there is no basis upon which to find that applying the longer limitations period would result in a manifest injustice. The substantive right to bring a civil action under § 2255 existed at the time Defendant assaulted Plaintiff in 2007. Also, at the time the limitations period was extended in 2013, Plaintiff's claim was still ripe. Plaintiff turned 18 years old in 2011, therefore under the previous limitations period, she could bring an action up to 2017.

Further, courts routinely recognize that they should apply the procedural and remedial provisions in effect when the action is filed. See, e.g., Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 665 (8th Cir. 1995); Lussier v. Dugger, 904 F.2d 661, 665 (11th Cir. 1990). Because § 2255 is clearly a remedial statute, the Court should apply the limitations period in effect at the time this action was filed.

Lastly, even if Defendant could establish that the Court should apply the six-year limitations period, the Court can apply equitable tolling. Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (finding the interests of justice can weigh in favor of allowing a plaintiff to assert an untimely claim if circumstances beyond

the plaintiff's control prevented timely filing); <u>Justice v. United States</u>, 6 F.3d 1474, 1475 (11th Cir. 1993) ("The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust."). Statutory intent may shed light on whether equitable tolling should be applied. <u>See</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).

By extending the limitations period, Congress has expressed its desire to provide injured plaintiffs, like the Plaintiff here, more time to file their claims. Further, Plaintiff did not begin to reside in the United States until 2017. Prior to that time, she was abroad and thus beyond the reach of the courts. Thus, Plaintiff has demonstrated that equitable tolling would be warranted in this case even if the shorter limitations period applied.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No. 20] is DENIED.

Date: May 26, 2021          s/Michael J. Davis
                                                   Michael J. Davis
                                                   United States District Court