UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Doe,

       Plaintiff,

v.

James Marvin Reed,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 20-2178 (MJD/LIB)

---

Jonathan M. Bye, Ballard Spahr LLP, Counsel for Plaintiff.

Defendant, *pro se.*

---

This matter is before the Court on Defendant's motion for a continuance.

(Doc. No. 44.)

Plaintiff brings this action under 18 U.S.C. § 2255, which provides for civil

remedies for certain crime victims. Specifically, the statute applies to:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court

may also award punitive damages and such other preliminary and
equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a).

Plaintiff claims that she was victimized by Defendant and seeks the

remedies to which she is entitled under 18 U.S.C. § 2255 including actual

damages and the costs associated with this suit, including reasonable attorney's

fees.  Defendant was charged criminally in the District of Minnesota involving

the sexual assaults against Plaintiff and pleaded guilty to one count of Engaging

in Illicit Sexual Conduct in a Foreign Place in violation of 18 U.S.C. § 2423(c).

On February 3, 2022, Plaintiff moved for summary judgment.  The hearing

has been scheduled for April 6, 2022.

Rather than file an opposition to the motion, Defendant has filed a motion

for a continuance on the basis that he has not been able to conduct discovery on

issues concerning his finances, and extreme bias by Plaintiff and her attorneys.

The Court finds that the time for discovery has passed, and Defendant did

not bring a timely motion to extend the deadline as instructed by the Magistrate

Judge in his Order dated July 21, 2021.  Accordingly, the Court will deny

Defendant's motion for a continuance.

**IT IS HEREBY ORDERED** that Defendant's Motion for Continuance (Doc.

No. 44) is **DENIED**.

Date:  March 28, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court