UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Doe,

    Plaintiff,

v.

                          **MEMORANDUM OPINION
AND ORDER**
Civil No. 20-2178 (MJD/LIB)

James Marvin Reed,

    Defendant.

---

Jonathan M. Bye, Ballard Spahr LLP, Counsel for Plaintiff.

Defendant, *pro se.*

---

This matter is before the Court on Plaintiff's motion for summary judgment. (Doc. No. 38). The Court heard oral arguments on April 6, 2022.

**I.   Background**

Plaintiff brings this action under 18 U.S.C. § 2255, which provides for civil remedies for certain crime victims. Specifically, the statute applies to:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable

1

attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a).

In her Complaint, Plaintiff alleges that she is a 27-year-old woman who, when she was 14 years old, was sexually assaulted by Defendant James Reed on several occasions in her home country of the Philippines. (Comp. ¶ 1; Doe Decl. ¶¶ 1-3.) She alleges that on or about January 17, 2007, Defendant traveled from Minneapolis to Manila, Philippines and remained in the Philippines until March 2008. (Comp. ¶ 9.) In September 2007, Defendant met Plaintiff, and later met at Defendant's apartment in Cebu City, Philippines. (Id. ¶ 10.) Between September and December 2007, Defendant sexually assaulted Plaintiff multiple times in his apartment. (Id.) Plaintiff became pregnant as a result of these assaults, and DNA testing has confirmed that Defendant is the biological father of Plaintiff's child. (Id.) Plaintiff was 15 years old when she gave birth to Defendant's child. (Id.) She alleges that she suffered extreme emotional distress because of the sexual assaults, and that her education, health and employment have been impacted by Defendant's actions. (Id. ¶¶ 21 and 25.)

Defendant was charged criminally in the District of Minnesota, and on April 19, 2018, he pleaded guilty to one count of Engaging in Illicit Sexual Conduct in a Foreign Place in violation of 18 U.S.C. § 2423(c).  (United States v. Reed, 17-cr-216 (DWF) (D. Minn.).)  Plaintiff is the "Minor A" referenced in the Plea Agreement.  (Doe Decl. ¶ 2.)  He was later sentenced to 72 months imprisonment, followed by 15 years of supervised release.  (Id. Doc. No. 109.)  Defendant is currently serving his sentence at a residential reentry center and is scheduled for release on May 10, 2022.

Plaintiff now moves for summary judgment, requesting liquidated damages in the amount of $150,000.

## II.     Summary Judgment

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  Celotex, 477 U.S. at 323.  "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a

fact is material if its resolution affects the outcome of the case." Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).  The party opposing summary judgment may not rest on mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial.  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

### III.  Discussion

Plaintiff asserts she is entitled to liquidated damages under Section 2255 as there is no dispute she is the victim of a crime under 18 U.S.C. § 2423(c) and that she has suffered personal injury as a result.  She was sexually assaulted by Defendant when she was 14 years old and gave birth to his child when she was 15 years old.

Defendant has failed to put forth specific facts showing a genuine issue as to whether Plaintiff is entitled to the requested damages.  Accordingly, as the requirement for damages under the statute have been met in this case, summary judgment is warranted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 38) is **GRANTED.**  Judgment shall be entered in favor of Plaintiff in

the amount of $150,000, plus reasonable attorney's fees and other litigation costs reasonably incurred.  Within thirty (30) days from the date of this Order, Plaintiff's counsel shall submit a declaration as to reasonable attorney's fees and costs, with supporting documentation.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:  April 14, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court
